O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| INA STEPHEN, | ) | CASE NO. CV 05-03332 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff claims a closed period of disability benefits, from June 2001 through March 2003, based on chronic back pain. The Social Security Administration denied her claim at step five of the familiar five-step analysis. Although the Administrative Law Judge found that her back pain was "severe," she further found Plaintiff's subjective complaints not fully credible and concluded that Plaintiff remains able – and for no continuous 12-month period was rendered unable – to perform a limited range of sedentary work, for which jobs exist. *See* Administrative Record ("AR") 17-25.

**I.**

**STANDARD OF REVIEW**

In providing for judicial review of the Commissioner's decision denying disability benefits, 42 U.S.C. § 405(g) states that "[t]he findings of the Commissioner of

Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Accordingly, the Commissioner's decision stands if substantial evidence supports the Administrative Law Judge's decision, and the Administrative Law Judge applied the correct legal standard. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). "Substantial evidence," a term of art traditionally used when reviewing administrative decisions, carries the traditional meaning here: "more than a mere scintilla . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id., quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must review the entire record in making its determination as to whether substantial evidence supports the Commissioner's decision. *Drouin, supra.*

## II.
## THE CHALLENGED CREDIBILITY FINDING

Plaintiff raises two issues, both challenging the underlying finding that her subjective account of her symptoms was not fully credible. Before turning to Plaintiff's critiques, the Court examines the challenged finding. The Administrative Law Judge summarized Plaintiff's pertinent subjective complaints as follows:

> The claimant requested a closed period of disability through March 3, 2003, when her temporary total disability ended with the permanent and stationary report at [AR 210], because she claimed she was bedridden during the closed period.
>
> . . .
>
> . . .
>
> She claimed an inability to work because of pain in the back. She reported she takes Darvocet that helps her pain and causes no side effects. She also takes Flexeril. She stated that her doctor is changing that medication because of side effects.

She also claimed she lies down 3 times per day for 1 1/2 hours each time for pain relief.  She has no therapy or other treatment.

The claimant testified that her daily activities include bathing, eating, reading a few chapters of the Bible, using the computer for 45-50 minutes at a time, and taking a 30-minute walk.  She alleged that she needs help putting on her undergarments.  She stated she washes dishes, cooks, does laundry, and sometimes goes to the store with her children.  She also stated she occasionally takes the bus to run errands, pays bills, and goes to her father's house, whom she visits once per week, and he also goes to her home.  She stated that she mostly stays at home.

She claimed that she can stand 2 hours at one time and 2 hours total in an 8-hour day, walk 45 minutes at one time and 45 minutes total in an 8-hour day, and sit 2 hours at one time and 2 hours total in an 8-hour day.  She also claimed she can lift 8 pounds and she cannot stoop or squat.  She admitted that she does not use a cane, and that she used a back brace for 3 months after [her May 28, 2002 back] surgery, but not thereafter.

She testified that she was off from work for 1 year before she had back surgery.  She stated she took a long time deciding whether to have the surgery.  She explained that she had surgery in May 2002 and, after surgery, she could walk and do more.  She contested [*sic*] that although she got better after surgery, but [*sic*] her condition has gone downhill again, and [that] she will probably need more surgery.  She noted that before surgery, she

> spent 5 hours in an 8-hour day in bed lying down. She took Darvocet and muscle relaxants, but had no physical therapy.

AR 18-19.

Thereafter in the opinion, after summarizing numerous medical reports, the Administrative Law Judge explained as follows why she found Plaintiff's testimony about pain and other subjective symptoms less than fully credible:

> The claimant's subjective complaints and alleged limitations from June 7, 2001 to March 3, 2003 are out of proportion to the objective clinical findings and observed functional restrictions as noted above. There was no evidence of severe disuse muscle atrophy that would be compatible with her alleged inactivity and inability to function. The record does not show that she was bedridden from the date of onset [June 7, 2001] until she was found permanent and stationary on March 3, 2003. The MRI showed only mild problems as noted by [orthopedist] Dr. [Brian D.] Rothi [in a Qualified Medical Examination in November 2002], but nonetheless she had a fusion and, according to her Worker's Compensation doctor, she did well after the surgery. The objective findings are negative for neurological deficits, and as Dr. Rothi noted, there is significant embellishment.
>
> The claimant's subjective complaints and alleged limitations from June 7, 2001 to March 3, 2003 are not consistent with the treatment she received. The claimant did not have ongoing, aggressive treatment before surgery. The claimant did well after surgery, and, as reflected in [her

Worker's Compensation treating orthopedist] Dr. [Russell W.] Nelson's notes, the claimant removed the back brace, was walking for exercise, and took no medication shortly after the surgery. Further, her subjective pain complaints at the hearing are much greater than [those that] she articulated to the treating Worker's Compensation doctor and Qualified Medical Examiner. The objective findings have not changed to account for her complaints. That inconsistency again points to symptom embellishment. She admits that she can take strong pain medication without any side effects. The claimant sees a family doctor and not a back specialist at present. She does not have any therapy or other treatment designed to alleviate the kind of severe, disabling pain she claims. It is reasonable to assume that if the claimant was as disabled as she claims, her treating Worker's Compensation doctor would not have found her permanent and stationary, and would still be treating her with numerous treatment modalities, and that her present treating doctor would have ordered more aggressive treatment.

The claimant was off from work for 1 year before deciding to have surgery because she said that it took a long time for her to decide. She had some pain treatment, but no ongoing aggressive treatment. However, if she were in as much pain as she claims, and if the conservative treatment was not working as she claims, there is no explanation for her not having more aggressive treatment or for her waiting for surgery. She admits that she did well after surgery. She claims that she is now deteriorating, but the record does not show that. She attended

        vocational rehabilitation for a sedentary job, and she was actively looking for such work.

AR 21-22.

## III.
## CREDIBILITY FINDINGS

Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain – and how that pain affects the claimant's ability to work – only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994).

Here, Plaintiff asserts that the opinion fails to cite specific and legitimate reasons for finding her subjective account less than fully credible. She notes that one of the stated reasons was the Administrative Law Judge's "belie[f] [that] the symptoms are embellished. But there is no evidence of malingering." That is simply wrong. Indeed, the very word "embellished," in reference to Plaintiff's descriptions of her symptoms, was not the Administrative Law Judge's own term; rather, she borrowed it verbatim from Dr. Rothi, who conducted a qualified medical examination of Plaintiff during the closed period at issue. *Compare* AR 22 *with* AR 240. The context in which Dr. Rothi's term appears – a set of the doctor's conclusions which Plaintiff does not challenge or address in either of her briefs – is as follows:

> The patient currently has findings on her physical examination of significant embellishment and exaggeration of her complaints.
>
> Her claimed mobility of the lumbar spine is not credible, based on the discrepancies in her physical examination.
>
> . . .
>
> As noted, the patient is not a forthright historian as far as her factors of disability [are concerned] . . . . It is my opinion she has constant slight pain, increasing to slight to moderate with prolonged sitting, prolonged standing and walking, increasing further with heavy lifting [or] repeated bending.

AR 240; *see* AR 20 (opinion's citations to Dr. Rothi's observations).  Dr. Rothi's report and opinion constitute substantial evidence supporting the finding that Plaintiff's account of the degree of her pain and of her other subjective symptoms was less than fully credible. The Administrative Law Judge also pointed to the absence of any evidence of muscle atrophy – despite numerous examinations and laboratory tests done during the period – that would be consistent with Plaintiff's complaints of inactivity due to pain.  AR 21.

Although Plaintiff's other critique of the credibility finding – asserting that substantial evidence does not support the conclusion that Plaintiff "did not have ongoing, aggressive treatment before surgery," as one alleging excruciating pain would have been expected to do – is somewhat more persuasive, the Court declines to address that argument. Even if that portion of the underlying credibility finding were flawed, reversal still would be improper because the Administrative Law Judge supplied at least two other (and independent) "specific, cogent reasons supported by substantial evidence in the record" for finding Plaintiff less than fully credible. *Bunnell*, *supra*.

## IV.
## CONCLUSION

For the foregoing reasons, the underlying decision is affirmed.


DATED:   October 20, 2006



                                                  */s/ Ralph Zarefsky*
                                                 RALPH ZAREFSKY
                                       UNITED STATES MAGISTRATE JUDGE